J. BYINGTON SMITH, AS EXECUTOR, &C., OF HARVEY ED-
WARDS, DECEASED, APPELLANT AND RESPONDENT, *v.* ELIZA
H. EDWARDS AND OTHERS, APPELLANTS AND RESPONDENTS.

*Will—when a bequest does not involve an unlawful suspension of the absolute own-
ership of personal property— What directions for the accumulation of income
are unlawful— When a legacy does not vest until the time for distribution has
arrived— The claim of a receiver to the share of a legatee, cannot be determined
in an action for the construction of a will.*

A testator by his will gave and bequeathed "to each and every grandchild
(if any) that may be hereafter born within twenty years after my death,
and before the final settlement of my estate, the sum of $1,000, . . to be
paid to each on their severally arriving at full age, or if granddaughters on
their sooner being lawfully married." The testator left him surviving two
sons, three daughters, and four grandchildren by a son who died after the
testator.

*Held,* that there was no unlawful suspension created by the will of the abso-
lute ownership of the property; that the legacies to the grandchildren living
at the testator's death vested immediately, and that as to those who might
thereafter be born, the absolute ownership could not possibly be suspended
beyond one life in being at the death of the testator, namely, that of the
parent, who was a child of the testator.

The testator further directed that $30,000 which he had invested in United
States bonds be "kept invested until my youngest grandchild, now born, or
that may hereafter be born before the final distribution of my estate, shall be
of full and lawful age," and that his executor should, out of the income
thereof, pay for repairs to stones in a cemetery lot, and make up any de-
ficiencies in the funds provided for the payment of legacies, and that they
might from time to time, after five years from the time of his death, make
division and distribution of any surplus that might then be in their hands,
and also, if they should see fit at the same time, divide and distribute $10,000
of said principal and bonds, thus invested, between his children and grand-
children, and that the remaining $20,000 should be divided among them
when the youngest grandchild, born, and that might within twenty years be
born, should arrive at full age, or, if a granddaughter, should sooner be law-
fully married.

*Held,* that the clause involved a violation of the statute against the accumu-
lation of income, and of the statute against the suspension of the abso-
lute ownership of personal property, and that, as the part which was
good could not be separated from that which was bad, that the whole must
be rejected.

Where a bequest of personal property contains no express words of gift, but
the gift arises by implication, from a clause directing the fund to be divided
among persons named, such clause is also evidence of an intent that the
gift is not to vest in interest until the time for distribution has arrived.

An action to obtain the construction of a will is not a proper one in which to
determine the claim of a receiver, appointed in proceedings supplementary
to execution, issued upon a judgment recovered against one of the legatees,
since deceased, to the share of the judgment debtor in the estate.

APPEAL from a judgment entered upon the trial at Special Term
of this action, brought for the construction of a will.

Harvey Edwards, the testator, died November 30, 1868, leaving
a large real and personal estate, of which $30,000 was invested in
United States bonds.  By his last will, made October 31, 1868, he
appointed the plaintiff, J. Byington Smith, Eliza H. Edwards,
Howard H. Edwards and Thomas C. Edwards, executors of his
estate, but directed the same should be managed by the executor,
Smith, who has since managed the same.  The testator left him
surviving his wife Eliza, his sons Howard and Thomas C., and his
daughters Marion, Elizabeth and Julia, and the following grand-
daughters, all of whom were children of Thomas C. Edwards, viz.:
Florence, Alice, Clara and Louisa Edwards.  All of these grand-
children were minors at the death of the testator.  The youngest,
Louisa R. Edwards, is still a minor about eighteen years of age.
At the time of the testator's death, his daughters Marion and Eliza-
beth, and his son Thomas, were married.  His daughter Julia was
then insane, and remained so until her death.  Thomas C. Edwards
and Julia Edwards died subsequent to the death of the testator,
Thomas surviving his sister.

During the lifetime of Thomas C. Edwards, both before and after
the death of Julia, the appellant, Gabriel W. Wisner, was duly ap-
pointed receiver of all the property of Thomas C. Edwards, in pro-
ceedings supplementary to execution, and duly qualified as such
receiver.

Since the death of the testator, only one grandchild has been
born, being a child of his daughter Elizabeth, and this grandchild
has since died.

The ninth and sixteenth clauses of the will read as follows:

"*Ninth.* I give and bequeath to each and every grandchild (if
any) that may be hereafter born within twenty years after my
death and before the final settlement of my estate, the sum of
one thousand dollars; and request that all of my children may con-

sent to and acquiesce in this, the same as though such grandchild or children were now born and living ; said one thousand dollars to be paid unto each on their severally arriving at full age, or, if grand-daughters, on their sooner being lawfully married.

"*Sixteenth.* I have thirty thousand dollars invested in United States registered bonds, which I order and direct to have kept invested until my youngest grandchild now born, or that may hereafter be born, before final distribution of my estate, shall be of full and lawful age ; and that my executors, out of the interest and net increase thereof, keep up and in good order and condition, all stones, railings, &c., in and about the Edwards lot in the Fayetteville Cemetery, replacing any stones that may be broken, and repairing said railings, &c., as from time to time it may become necessary ; and that they may make up out of said increase and interest, any deficiency there may be in funds to pay legacies, and meet the other provisions of this will ; and may, from time to time, after five years from the time of my death, make division and distribution of any surplus that may then be in their hands ; and also, if they see fit, at the same time, divide and distribute ten thousand dollars of said principal and bonds thus invested, all between my four children, Thomas C., Marion E., Elizabeth E. and Howard H., and my aforesaid grandchildren, Alice M., Florence E., Clara E. and Louisa R., in the proportion of my aforesaid legacies and bequests severally, to them ; my said daughter Julia P. also to be included in such division, and in proportion of her aforesaid legacy, if she shall before such division become rational ; and may thereafter from time to time make division and distribution of other interest and increase between said children and grandchildren in the same proportion ; and if either shall die before payment, leaving issue, then his or her aforesaid legacies and portion to his or her children ; but if either shall die without issue and before payment, then his or her legacy and portion to the surviving brothers and sisters.

" And when my youngest grandchild, born, and that may within twenty years be born, shall arrive at full age, or, if a grand-daughter, shall sooner be lawfully married, my executors shall divide the remaining twenty thousand dollars (now in such bonds),

and such increase as they may then have, into two equal parts; and shall divide one moiety or half thereof equally between my four children, Thomas C., Marion E., Elizabeth E. and Howard H., or into five parts, so as to include my daughter Julia P., should she become rational; and shall divide the other moiety or half equally between all of my grandchildren who may then be living, including such as may be hereafter born; and if any child or grandchild shall die before such division or distribution, then his or her share to his or her children; but if without issue, then to his or her brothers and sisters; but in all cases the share or portion of any one under age shall be kept invested and on interest until he or she shall arrive at full age, or be as aforesaid lawfully married."

The court below held both these clauses void and incapable of execution as they read, upon the grounds that they suspended the alienation of the property for more than two lives in being, but held the will might take effect and be construed as follows: That the whole fund of $30,000 at the death of the testator became vested in his children and grandchildren living at his death and born during the minority of the youngest grandchild living at his death. That the alienation of the fund was not suspended beyond the period of two lives in being, but that the distribution of the fund was illegally postponed beyond that period. That the said illegal postponement of payment might be dropped in part, and $10,000 of the fund divided among the legatees mentioned, after five years from the decease of the testator and during the minority of the youngest grandchild living at his death; $10,000 among the children named, at the expiration of the minority of the youngest grandchild living at the testator's death; and $10,000 among the grandchildren living at the expiration of the minority of the youngest grandchild living at the testator's death. That the share of the only grandchild born since the death of the testator, in this last $10,000, vested at her birth, and passed to her representatives upon her decease. That each grandchild born after the testator's decease and during the minority of the youngest grandchild living at his death, was entitled to a legacy of $1,000 under the ninth clause of the will.

*E. Wells*, for the plaintiff.

*Kennedy & Tracy*, for G. W. Wisner and H. Howard Edwards, defendants and appellants.

*N. B. Smith*, for the defendant, Florence Garrison, defendant and appellant.

*J. A. Williams*, for Louisa R. Edwards, defendant and appellant.

GILBERT, J. :

The Revised Statutes prohibit any suspension of the absolute ownership of personal property for a longer period than during the continuance and until the termination of not more than two lives in being at the death of the testator. In all other respects, limitations of future or contingent interests in personal property are subject to the rules prescribed by the same statutes in relation to future estates in lands. (1 R. S., 773, §§ 1, 2.)

One of those rules is that a future estate may be limited to commence in possession at a future day, without the intervention of a precedent estate, and upon a contingency respecting the persons to whom, or the event upon which it is limited to take effect. (1 R. S., 723, §§ 10, 13.) Applying these rules, the bequests to grandchildren, contained in the ninth clause of the will, are valid. All those legacies are present gifts of separate and distinct protions of the testator's property, and all of them must necessarily take effect completely within the period of one life in being at the death of the testator. The legacies to the grandchildren *in esse*, vested immediately upon the death of the testator. That to the grandchild who was born after the death of the testator vested immediately upon her birth, and if any grandchildren shall be hereafter born, the legacies to them will vest in like manner. As to the grandchildren who were living when the testator died, there was not a moment's suspension of the absolute ownership of the money given to them respectively, and as to the others, the suspension could not possibly last beyond one life in being, namely, that of the parent who was a child of the testator. It is true that the offspring of a son of the testator might not be born until

months after the death of its father. Still, the gift would be valid for two reasons. 1. It was dependent only upon the life of the father. 2. A child *en ventre sa mere* must be treated as having been living at the death of its father. (1 R. S., 725, § 30 ; *Mason* v. *Jones*, 2 Barb., 252.)

It is not quite so easy to determine the legal effect of the sixteenth clause of the will. It is very evident that the testator intended to dispose of all his property. He had, by previous provisions of his will, disposed of all of it, excepting the sum of $30,000, and in this clause he attempted to dispose of that fund.

It is quite apparent, however, that the intention of the testator expressed in this clause could not be legally carried into effect, for to do so would involve a violation of the statute against accumulations of income, except for the benefit of minors during their minority, and of the statute against a suspension of the absolute ownership of personal property beyond the prescribed period. Nor can we separate the good from the bad, as has been done in several cases. For the gift is an entire one to classes of children and grandchildren. (*Knox* v. *Jones*, 47 N. Y., 390.) Indeed, the sixteenth clause contains no gift in express words, but the gift arises by implication only, from the direction to divide. Such a direction, no doubt, is evidence of a gift of the property to be divided, but it is also evidence that the gift was not intended to vest in interest before the division. The rule, as stated by Jarman (ch. 25, vol. 2, p. 457, 5 Am. ed.), is that where the only gift is in the direction to pay or distribute at a future age, the case is not to be ranked with those in which the payment or distribution only is deferred, but is one in which time is of the essence of the gift. (See also *Leake* v. *Robinson*, 2 Mer., 363–384 ; *Leeming* v. *Sheratt*, 2 Hare, 14, 22 ; 2 Redf. on Wills, 631.) No doubt a residuary gift should, if possible, be so construed as to vest at the death of the testator. But where the testator has embodied his gift in a direction to divide at a future time, surely there would seem to be no basis for such construction. The testator fixed the time for such division, namely, of part in five years after his death, and of the residue upon the coming of age of his youngest grandchild, born within twenty years after his death. Such a gift is

void, for the postponement of the .vesting is not dependent upon lives, but upon a fixed term of years. Future estates in personal property may be created, and the absolute ownership thereof may be suspended until the time for vesting arrives, but they must be limited by lives, and not by a term of years, however short. (*Hone* v. *Van Schaick*, 20 Wend., 564; *Converse* v. *Kellogg*, 7 Barb., 590; *Rose* v. *Rose*, 4 Abb. App. Dec., 108; *Schettler* v. *Smith*, 41 N. Y., 328.)

The result is that in respect to the property mentioned in the sixteenth clause of the will, intestacy has happened, and such property has descended to the testator's next of kin.

The share given to the testator's daughter Julia, by the fifth clause of his will, upon her death intestate, sank into the residuum and descended to the testator's next of kin.

We are of opinion, that this is not a proper action to determine the claim of the defendant Wisner to the share of the testator's son Thomas. But assuming that it is, we think that the court below correctly decided, that the personal representatives of the testator are entitled to administration of his estate, and that the claim of Wisner, if a valid one, must be enforced by an appropriate proceeding against them in the course of that administration. *Non constat* it might in such a proceeding be shown, that other and prior equitable liens on the property of the testator's son Thomas, are outstanding. We are sustained in this conclusion by adjudged cases. (*Sylvester* v. *Reed*, 3 Edw. Ch., 296; *Mathews* v. *Neilson*, Id., 346. See also High on Rec., § 716.) The remarks of Grover, J., in his dissenting opinion in *Brown* v. *Nichols* (42 N. Y., 42), have not the weight of authority.

The judgment should be modified in accordance with this opinion, and as so modified it should be affirmed, with costs to all the parties to this appeal, except the defendant Wisner, to be paid out of the fund.

Dykman, J., concurred; Barnard; P. J., not sitting.

Judgment modified in accordance with opinion of Gilbert, J., and order to be settled by him, and modified, with costs out of fund to all parties except Wisner, receiver.